**STATE of Iowa, Appellee,**

v.

**Paul Peter KAELIN, Appellant.**

**No. 84–516.**

Supreme Court of Iowa.

Feb. 13, 1985.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Valencia Voyd McCown, Asst. Atty. Gen., and R. Kurt Swaim, County Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, CARTER and WOLLE, JJ.

McCORMICK, Justice.

Defendant claims a right to carry a pistol in his automobile because he had no other place to live and slept in the car the night before he was stopped and charged with carrying a weapon in the vehicle in violation of Iowa Code section 724.4 (1983). He also claims the trial court abused its discretion in ordering him to make full restitution for attorney fees and court costs. We affirm the trial court.

On August 23, 1983, defendant was released from jail and went to the home of his father-in-law in Bloomfield, Iowa, to visit his wife and children. When his father-in-law told him he was not welcome there, defendant removed all of his personal belongings from the house and put them in his AMC Gremlin automobile. He then drove away.

Defendant testified that he slept in the car alongside the highway during the night of August 23. The jury could find that on the next day he returned to his father-in-law's house, entered when no one was present, and stole a rifle and pistol which he placed in his car. Later in the day, after the loss was discovered, defendant was stopped by a deputy sheriff while driving on a Davis County gravel road. The deputy and the sheriff observed the stolen weapons in the front seat of defendant's car. Defendant was charged with and subsequently convicted of burglary, theft, and carrying weapons. In this appeal he challenges only the sufficiency of evidence on the weapons charge and the restitution order.

I. *Sufficiency of evidence of carrying weapons.* Three alternative weapons offenses are delineated in section 724.4. Pursuant to one of them, an offense is committed by a person "who knowingly carries or transports in a vehicle a pistol or revolver...." Among those to whom the statute is inapplicable is a person "who goes armed with a dangerous weapon in his or her own dwelling...." § 724.4(1). Defendant contends the trial court should have granted his motion for acquittal because, as a matter of law, his automobile was a dwelling within the meaning of the exception. "Dwelling" means "any building or structure, permanent or temporary, or any land, water or air vehicle, adapted for overnight accommodation of persons, and actually in use by some person or persons as permanent or temporary sleeping quarters, whether such person is present or not." § 702.10.

The dwelling exception is explained in *State v. Erickson*, 362 N.W.2d 528, 531 (Iowa 1985), separately filed on this date, and that explanation will not be repeated here. In the present case the defense fails as a matter of law on two grounds. First, no evidence was adduced to show that defendant's automobile was "adapted for overnight accommodation of persons." Second, the vehicle was not "actually in use ... as permanent or temporary sleeping quarters" within the meaning of the statute. The principal use of the automobile on the occasion involved was as a mode of transportation rather than as a dwelling. *See Erickson,* 362 N.W.2d at 531. We hold that the trial court did not err in refusing to acquit defendant on the basis of the dwelling exception.

II. *The restitution order.* In sentencing defendant, the trial court ordered him to make restitution by paying the costs of prosecution and the amount of $3,755 for

**528**

court-appointed attorney fees. He contends that the court either failed to exercise·discretion or abused its discretion in so ordering. This contention is based on the combination of a silent record and a presentence report showing defendant is indigent.

■ We have held that section 910.2 authorizes a sentencing court to order restitution for court costs and attorney fees only to the extent of the defendant's reasonable ability to pay the amount ordered. *See State v. Harrison*, 351 N.W.2d 526, 529 (Iowa 1984). We have also held that a defendant who seeks to upset an order for restitution for those items "has the burden to demonstrate a failure of the trial court to exercise discretion or abuse of discretion." *State v. Storrs*, 351 N.W.2d 520, 522 (Iowa 1984). In an extreme case this burden may be met on appeal through a record showing a defendant's indigency and disability from earning income. *See State v. Haines*, 360 N.W.2d 791, 797 (Iowa 1985). This, however, is not that kind of case.

■ The record shows defendant is indigent but has several skills that should enable him to earn income. He also appears to be in good health. Therefore we cannot say under the present record that he met his burden to upset the restitution order.

■ Defendant argues that this court should require sentencing judges to state their reasons on the record for ordering restitution for court costs and attorney fees to assure that their discretion is exercised and provide a better record for review. Although we believe judges should state their reasons as defendant suggests, we refuse to hold that their failure to do so will invalidate a restitution order. A defendant has at least two opportunities to make an appropriate record on the issue. One is at sentencing. The other is through the provisions in chapter 910 for modification of the order. *See Storrs*, 351 N.W.2d at 522. We have recognized that a defendant may directly appeal a sentence requiring restitution, but a modification proceeding in district court is likely to be a simpler

and more effective remedy in most cases. *See State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984).

We find no reversible error.

AFFIRMED.