# IN THE COURT OF APPEALS OF IOWA

No. 14-0282
Filed November 25, 2015

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**KENNETH JAMES SHADLOW,**
　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge.

Defendant appeals the district court order requiring him to pay restitution for court-appointed attorney fees on his conviction for failure to comply with the sex offender registry requirements. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Tabor, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Defendant Kenneth Shadlow appeals the district court order requiring him to pay restitution for court-appointed attorney fees on his conviction for failure to comply with the sex offender registry requirements. The district court did not abuse its discretion in requiring Shadlow to pay up to $600 in restitution for his court-appointed attorney. We affirm the district court.

### I. Background Facts & Proceedings.

Shadlow was previously convicted of two counts of sexual exploitation of a minor and was required to register as a sex offender. On October 9, 2013, Shadlow was charged with failure to comply with the sex offender registry requirements, second offense. The State alleged Shadlow failed to report a new address within five business days, as required by Iowa Code section 692A.104 (2013).

Shadlow entered into a plea agreement and entered a guilty plea to failure to comply with the sex offender registry requirements, first offense, an aggravated misdemeanor. The court accepted his plea. Shadlow was sentenced to a term of imprisonment not to exceed two years. A fine and surcharge were suspended. The court ordered Shadlow to pay $600 in restitution for his court-appointed attorney. He now appeals the restitution provision of the sentencing order.

### II. Standard of Review.

A defendant challenging a restitution order "has the burden to demonstrate either the failure of the court to exercise discretion or an abuse of that discretion." *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). "An abuse

of discretion occurs when the court exercises its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *State v. Webster*, 865 N.W.2d 223, 231 (Iowa 2015) (citation omitted).

### III. Restitution.

Shadlow contends the district court abused its discretion by requiring him to pay restitution of $600 for attorney fees. He asserts the court did not adequately take into consideration his financial circumstances. Shadlow was nearly fifty years old at the time of the sentencing hearing. He was a tattoo artist. Shadlow had applied for disability due to problems with his back. He stated his wife was pregnant.

Under section 910.2(1), when a defendant pleads guilty, "the sentencing court shall order that restitution shall be made by each offender" for "court-appointed attorney fees ordered pursuant to section 815.9." Section 815.9(5) provides "the court shall order the payment of such amounts as restitution, to the extent to which the person is reasonably able to pay, or order the performance of community service in lieu of such payments." *See State v. Kaelin*, 362 N.W.2d 526, 528 (Iowa 1985) (stating restitution for attorney fees should be ordered "only to the extent of the defendant's reasonable ability to pay the amount ordered"). "A defendant's reasonable ability to pay is a constitutional prerequisite for a criminal restitution order such as that provided by Iowa Code chapter 910." *Van Hoff*, 415 N.W.2d at 648.

During the sentencing hearing, defense counsel discussed Shadlow's financial circumstances and asked the court to waive court-appointed attorney fees. The court considered the matter and stated, "Because of your financial

circumstances, I will limit your liability for court-appointed attorney fees to $600, which is basically half of the cap for an aggravated misdemeanor, even though the case originated as a class "D" felony."[1] The court considered Shadlow's financial circumstances. It then suspended a fine and surcharge and ordered him to pay one-half of the amount he could have been ordered to pay as restitution for attorney fees. We conclude Shadlow has not met his burden to show the court abused its discretion in ordering him to pay restitution of $600 for his court-appointed attorney. *See Kaelin*, 362 N.W.2d at 528 (noting a defendant has the burden to demonstrate the court abused its discretion).

We affirm the decision of the district court.

**AFFIRMED.**

---

[1] Shadlow pled guilty to failure to comply with the sex offender registry requirements, first offense, in violation of section 691A.111(1), an aggravated misdemeanor. A court-appointed attorney defending an aggravated misdemeanor case may receive up to $1200. *See* Iowa Admin. Code r. 493-12.6(1).