# IN THE COURT OF APPEALS OF IOWA

No. 15-0645
Filed February 24, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**ANTHONY EARL HOPKINS,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.


　　　　Anthony Earl Hopkins appeals the sentence imposed upon his conviction for attempted burglary in the third degree. **AFFIRMED.**


　　　　Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.



　　　　Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Anthony Earl Hopkins appeals the sentence imposed upon his conviction for attempted burglary in the third degree, in violation of Iowa Code sections 713.2 and 713.6B(1) (2011). He contends the district court abused its discretion by denying his request to be sentenced to time served and by ordering him to pay the costs of court-appointed counsel. Because we find the district court did not abuse its discretion, we affirm.

**I. Background Facts and Proceedings.**

On June 1, 2012, Hopkins was charged by trial information with burglary in the first degree and harassment in the first degree.

Pursuant to a plea agreement, Hopkins entered an *Alford* plea[1] on March 1, 2013, upon an amended charge of attempted burglary in the third degree. The State subsequently dismissed the charge of harassment in the first degree.

On March 18, 2013, the district court sentenced Hopkins to 180 days in jail, ordered Hopkins to pay the minimum fine of $625, and ordered payment of $500 towards Hopkins' court-appointed attorney fees. In an unpublished opinion, *State v. Hopkins*, No. 13-0454, 2013 WL 6700300, at *2 (Iowa Ct. App. Dec. 18, 2013), we found the district court relied on an improper sentencing factor and vacated the March 18, 2013 sentence.

Hopkins was re-sentenced on March 5, 2014, to an indeterminate term of incarceration not to exceed two years. The district court suspended the $625 fine and did not order Hopkins to pay any court-appointed attorney fees, finding he was unable to pay due to his incarceration. Hopkins appealed the sentence.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

We again found the district court relied on an improper sentencing factor and vacated the March 5, 2014 sentence. *State v. Hopkins*, No. 14-0380, 2014 WL 7343731, at *3 (Iowa Ct. App. Dec. 24, 2014).

On March 16, 2015, Hopkins was sentenced to an indeterminate term of incarceration not to exceed two years, which the court suspended. The district court also suspended the $625 fine and ordered Hopkins to pay reimbursement for his court-appointed attorney fees in the amount of $951. In support of the sentence, the court stated, in part:

> At the time of sentencing Iowa law requires that I impose a sentence that I feel is appropriate to meet your needs for rehabilitation as well as protecting the community from any further offenses by you or by others. I've taken into account a number of things including your age, your prior criminal history, which there appears to be charges in Michigan, Minnesota, and Iowa over the last looks like 20 years, many involving apparently substances, looks like one weapons charge, and other various offenses. I have also taken into account your employment, family and/or personal circumstances, the nature of this offense, and whether there was any weapon or force used in the commission of the offense and anything else that I've learned about you throughout the proceeding, including, of course, the information you provided today from Open Cities Health Center.
> There are, obviously, a number of issues that you have with mental health needs and kind of general functioning issues. Your psychologist has identified there's been a referral made for some case management services to assist you in kind of ongoing support, and I think those services are certainly appropriate, but given the criminal history that you have in addition to this offense, it's important that you start implementing those services as recommended.
> . . . .
> As conditions of probation, you will be required to follow through with all the mental health treatment recommendations that are made, also with the county case management services that have—you've been referred to, and follow all the other reasonable rules and regulations imposed by your probation supervisor.

Specifically with regard to the payment of attorney fees, the court stated, in relevant part:

> Under previous orders attorney fees have previously been certified of $951 and there may be additional ones based upon the appeal. I don't think we have all of those yet, but I'm going to find that you have the reasonable ability to reimburse the State for at least the $951 previously ordered, in addition to any others that have been imposed since then . . . with a suspended fine, there's not a lot there other than the attorney fees unless there's victim restitution.

## II. Standard of Review.

We review Hopkins' challenge to the sentence for an abuse of discretion. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). A district court's imposition of a sentence within the statutory limits is afforded a strong presumption in its favor. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

## III. Discussion.

*A. Suspended Sentence.* Hopkins asserts it was an abuse of discretion for the district court to impose a two-year suspended sentence and to order the repayment of $951 in court-appointed attorney fees. The district court acted within its discretion in sentencing Hopkins to a two-year suspended sentence rather than granting Hopkins' request to be sentenced to time served. The court considered appropriate factors in reaching its decision. *See* Iowa Code § 907.5(1) (2013); *State v. Hopkins*, 860 N.W.2d 550, 554-55 (Iowa 2015). In addition to Hopkins' age, prior criminal history, employment status, family

circumstances, and whether a weapon or force was used in the commission of the offence, the district court considered Hopkins' documented mental illness and the need for continued mental health treatment. Ultimately, the court determined that a two-year suspended term of incarceration was necessary to assure that Hopkins completed the mental health recommendations and to facilitate the societal goals of rehabilitation and protection of the community. We find no abuse of discretion.

*B. Restitution.* With respect to the district court's order regarding Hopkins' payment of attorney fees, a sentencing court may "order restitution for court costs and attorney fees only to the extent of the defendant's reasonable ability to pay the amount ordered." *State v. Kaelin*, 362 N.W.2d 526, 528 (Iowa 1985). "[A] defendant who seeks to upset an order for restitution for those items 'has the burden to demonstrate a failure of the trial court to exercise discretion or abuse of discretion.'" *Id.* (quoting *State v. Storrs*, 351 N.W.2d 520, 522 (Iowa 1984)).

Hopkins complains that in the prior vacated sentencing orders he was not required to pay the full amount of the attorney fees and should not now be required to pay the full sum of $951 because he does not possess the ability to pay this sum. Hopkins's argument fails for two reasons.

First, Iowa Code section 910.2(2) provides if an offender is not reasonably able to pay various expenses imposed upon the offender, including court-appointed attorney fees, the court may order the offender to perform community service in lieu of payment. Here, the sentencing order specifically provides in part, "Defendant may perform community service in lieu of payment, if within 90 days, Defendant provides the Clerk of Court written verification from an

approved nonprofit agency the number of community service hours completed."
Thus, Hopkins has the ability to perform community service in lieu of any payment. We also note the record reflects Hopkins possesses skills that may enable him to earn an income and there was no suggestion that he was not physically able to perform community service. Additionally, the district court determined the attorney fee was reasonable when considered in conjunction with the suspended $625 fine.

Secondly, although the amount of restitution is a part of Hopkins' sentencing order and was a proper issue on direct appeal, the issue of the ability to pay is not subject to direct appeal from the sentencing order as it is "an issue apart from the amount of restitution" and not an order "incorporated in the sentence." *State v, Jose*, 636 N.W.2d 38, 45-46 (Iowa 2001). Rather, Hopkins' remedy is to petition for a hearing under section 910.7. *See id.* We also observe that after the sentencing hearing but before Hopkins appealed, a plan of payment was filed reflecting that Hopkins agreed to pay $50 per month towards his restitution obligation. If Hopkins is now unable to pay or perform community service, a petition pursuant to section 910.7 may be filed anytime during his period of probation. *See* Iowa Code § 910.7(1).

*C. Conclusion.* We conclude the district court properly exercised its discretion in imposing a two-year suspended sentence and ordering Hopkins to pay the attorney fees or perform community service. We affirm.

**AFFIRMED.**