# IN THE COURT OF APPEALS OF IOWA

No. 18-0046
Filed September 12, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ELGIN SHABAZZ RICHMOND SR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Hancock County, Karen Kaufman Salic, District Associate Judge.

The defendant appeals from the district court's judgment and sentence, ordering the defendant to pay the expert-witness fee and court costs. **AFFIRMED.**

Nicholas T. Larson of Larson Law Office, PLLC, Osage, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Elgin Richmond Sr. appeals from the district court's judgment and sentence, ordering him to pay $3255.20 for expert-witness fees. He argues the court was wrong to order him to pay his expert-witness fees and failed to determine whether he had the reasonable ability to the pay the fee. In the alternative, he maintains he received ineffective assistance from trial counsel because counsel failed to request authorization to obtain an expert at public expense and failed to contest Richmond's ability to pay fees and costs.

**I. Background Facts and Proceedings.**

In September 2017, Richmond was charged with domestic abuse assault, third or subsequent offense, and domestic abuse assault by strangulation. The State alleged both charges were subject to the habitual-offender enhancement.

Richmond filed a financial affidavit and application for appointment of counsel, in which he stated he did not have a job and had earned zero dollars in the previous twelve months. Counsel was appointed by the court.

Richmond was originally released on the pending charges but was again taken into custody after the State filed a pretrial report of violation. Bail was set at $10,000. Richmond filed a motion for bond review, which the district court set for hearing. At the bond hearing, Richmond testified he was employed prior to being arrested, stating he was working "off and on" and "had worked probably like two, three weeks before . . . I had actually got arrested." When asked why he stated on his affidavit that he had earned zero dollars in the previous twelve months, he said that he must have misread the question. He testified it was "definitely a regular" job that he had waiting for him. The district court declined to reset bail.

In January 2018, Richmond entered a guilty plea to the amended charge of assault while displaying a dangerous weapon. As part of an agreement, the State dismissed the charge for domestic abuse assault by strangulation. Additionally, Richmond waived his right to prepare for and be present at sentencing. Richmond wrote on the "waiver of presence form," stating he was not reasonably able to pay the total costs and fees incurred for legal assistance because "[he was] going to prison and due to [his] potential parole in the matter it is unclear when [he] will be released. [He] ask[ed] attorney fees be waived as [he was] unable to pay." Richmond explicitly waived any further hearing regarding his ability to pay as part of the waiver of presence form.

The same day, the district court entered its judgment and sentence. Richmond was sentenced to a two-year term of incarceration and was ordered to pay $3255.20 for expert witness fees.[1] The fine related to the conviction was suspended, and he was ordered to pay $0 toward his attorney fees.

Richmond appeals.

## II. Standard of Review.

We review questions of statutory interpretation for correction of errors at law. *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). We also review restitution orders for correction of errors at law. *Id.* "In reviewing a restitution order 'we determine whether the court's findings lack substantial evidentiary support, or whether the court had not properly applied the law.'" *Id.* (citation omitted).

---

[1] The record does not reflect the purpose or identity of the expert witness, but Richmond does not dispute he hired an expert witness before pleading guilty.

## III. Discussion.

### A. Expert-Witness Fee.

Richmond claims the district court cannot order him to pay the expert-witness fees because he never filed an application to obtain authorization of an expert witness under Iowa Rule of Criminal Procedure 2.20(4). Rule 2.20(4) provides:

> *Witnesses for indigents.* Counsel for a defendant who because of indigency is financially unable to obtain expert or other witnesses necessary to an adequate defense of the case may request in a written application that the necessary witnesses be secured at public expense. Upon finding, after appropriate inquiry, that the services are necessary and that the defendant is financially unable to provide compensation, the court shall authorize counsel to obtain the witnesses on behalf of the defendant. The court shall determine reasonable compensation and direct payment pursuant to Iowa Code chapter 815.

Additionally, Iowa Code section 815.4(1) (2017) provides, "An application for an expert or other witnesses under Iowa rule of criminal procedure 2.20 shall include a statement attesting that the attorney advised the indigent person of the application, the expected expenses, and the potential for reimbursement of the expenses pursuant to section 815.9."

Richmond's argument appears to be that the only way a party can properly obtain an expert witness is to first file an application pursuant to rule 2.20(4) to the district court. He maintains that since the application for an expert at public expense was not filed, his counsel should not have hired an expert and he should not be required to pay for the "improper" expert. But as the State points out, Richmond's argument relies on the idea that because the rule provides how a defendant *may* apply for an expert at public expense, the defendant *must* do so in

order to hire any expert. While section 815.4(1) provides what an application for an expert "shall include" when such an application is made, it does not require the attorney to file the application. In other words, it does not say the attorney "shall file" such an application. *See* Iowa Code § 815.4(1).

Iowa Code section 815.9(3) requires a defendant to "reimburse the state for the total cost of the legal assistance provided to the person." "Legal assistance" is defined as "the expenses of the public defender or an appointed attorney," as well as "transcripts, witness fees, expenses, and any other goods or services required by law to be provided to an indigent entitled to an appointed attorney." *Id.* § 815.9(3). Because Richmond does not allege counsel hired the expert without his knowledge or approval, *see id.* § 815.4(1), and because expert-witness fees fall under the statutory definition of "legal assistance," we cannot say the district court erred when it ordered Richmond to pay the fees. *See id.* § 910.1(4) (including "court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender" in the definition of restitution).

Next, we consider Richmond's claim that the district court ordered him to pay courts costs and expert-witness fees without first determining he had the reasonable ability to pay the obligation. The court's determination of Richmond's reasonable ability to pay is a "constitutional prerequisite" for entering a restitution order under section 910.2. *See State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). And here, the court did so. In the court's written order, it stated:

> Pursuant to Iowa Code section 910.2, Defendant is found to have the reasonable ability to pay the obligations set forth herein, including but not limited to any crime victim assistance reimbursement, restitution to public agencies, and court costs including correctional

fees, court-appointed attorney fees, contribution to a local anticrime organization, or restitution to the medical assistance program.

This statement is sufficient, as the court is not required to state on the record its reasons for determining the defendant is able to pay. *See State v. Kaelin*, 362 N.W.2d 526, 528 (Iowa 1985) (noting that while the sentencing court is not required to state its reasons on the record, best practice includes doing so). While Richmond has previously been determined to be indigent, this alone does not constitute a reason to overturn the restitution order. *See id.* ("In an extreme case this burden may be met on appeal through a record showing a defendant's indigency and disability from earning income."). Moreover, the court's initial determination Richmond was indigent was called into question before trial when Richmond testified to errors he made on his initial application for the appointment of counsel, including wrongly stating he had earned zero dollars in the previous twelve months.

Finding no error, we will not upset the district court's judgment and sentence.

**B. Ineffective Assistance of Counsel.**

Richmond maintains he received ineffective assistance from trial counsel because counsel failed to request to obtain an expert at public expense and failed to contest Richmond's ability to pay fees and costs.

As we have oft-stated, we prefer to preserve claims of ineffective assistance for possible postconviction-relief proceedings so "an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance many have an opportunity to respond to defendant's claims." *See State v. Biddle*,

652 N.W.2d 191, 203 (Iowa 2002). On the limited record before us, we cannot say if Richmond would have been successful in his application for an expert witness at public expense or at contesting his ability to pay the assessed fees and costs. And "counsel has no duty to raise an issue that lacks merit." *State v. Taylor*, 689 N.W.2d 116, 134 (Iowa 2004). We preserve Richmond's claims of ineffective assistance for later proceedings.

**III. Conclusion.**

Because we find no error in the court's decision ordering Richmond to pay his expert-witness fees, we affirm the court's judgment and sentence. We preserve Richmond's claims of ineffective assistance for later postconviction-relief proceedings.

**AFFIRMED.**