# IN THE COURT OF APPEALS OF IOWA

No. 17-1822
Filed February 6, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN COLE MOORE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Fayette County, John J. Bauercamper, Judge.

Defendant appeals his conviction and sentence for child endangerment resulting in serious injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Chief Judge.**

Justin Cole Moore appeals his conviction and sentence for the crime of child endangerment resulting in serious injury, in violation of Iowa Code sections 726.6(1)(a) and 726.6(5) (2016). Moore asserts he received ineffective assistance of counsel because his counsel failed to object to a jury instruction addressing his out-of-court statements and did not request an instruction defining "reasonable degree of medical certainty." Also, Moore argues restitution should be removed from his written sentencing order and the district court failed to assess his ability to pay. We find counsel was not ineffective and Moore has not exhausted his remedies under Iowa Code section 910.7 for his restitution claims.

## I. Background Facts and Proceedings

On August 30, 2016, Moore was caring for his girlfriend's son, E.B., while the girlfriend was at work. At 9:07 that evening, the girlfriend called Moore, who reported he was playing video games while E.B. was asleep and asked if she would pick up brownies from his mother on the way home. The girlfriend called again at 9:11, and Moore reported E.B. had fallen in the bathroom but assured her E.B. "was okay now." The girlfriend arrived home later, after stopping by Moore's mother's home, and she found Moore in the master bedroom, cradling E.B. The girlfriend testified E.B. was "fighting" to breathe, his neck was limp, his eyes were open and rolled back in his head, and his arms and legs were "stiff like a board, like he couldn't move them."

E.B. was taken to the local hospital's emergency room. A nurse described E.B. as "lethargic, nonresponsive, ashen gray" and, at the time he was admitted, the nurse thought E.B. may die. E.B.'s injuries included lips that were "chapped

but almost like a corrosive burn," dried blood near his left ear, and bruising on his forehead, spine, neck, buttocks, and groin. He was quickly transported to University of Iowa hospital, where he was diagnosed with considerable internal organ damage and head trauma requiring extensive surgery and a lengthy healing process.

According to Moore's explanation to the police, Moore was playing video games in the living room when he heard a "loud bang or boom." He claimed E.B. had fallen off a short step stool while attempting to use the toilet, and Moore found E.B. "splayed out on the floor with his pants down" with a "bashed" lip. Moore picked up E.B., cleaned the blood, changed his pajamas, and cradled E.B. in the master bedroom until the girlfriend arrived home.

After an investigation into E.B.'s injuries, Moore was charged with child endangerment resulting in serious injury in September 2016. Trial was held over the course of three days in September 2017. The jury returned a guilty verdict, after which Moore was sentenced to a term of incarceration not to exceed ten years. Moore appeals.

## II. Standard of Review

"A claim of ineffective assistance of counsel requires a de novo review because the claim is derived from the Sixth Amendment of the United States Constitution." *Bowman v. State*, 710 N.W.2d 200, 204 (Iowa 2006).

> We have held that [Iowa Code] section 910.2 authorizes a sentencing court to order restitution for court costs and attorney fees only to the extent of the defendant's reasonable ability to pay the amount ordered. We have also held that a defendant who seeks to upset an order for restitution for those items has the burden to demonstrate a failure of the trial court to exercise discretion or abuse of discretion.

*State v. Kaelin*, 362 N.W.2d 526, 528 (Iowa 1985) (internal quotation marks and citation omitted). "A determination of reasonableness . . . is more appropriately based on the [defendant's] ability to pay the current installments than his [or her] ability to ultimately pay the total amount due." *State v. Van Hoff*, 415 N.W.2d 647, 649 (Iowa 1987).

### III. Ineffective Assistance of Counsel

For Moore to prevail on his ineffective-assistance-of-counsel claims, he must show counsel failed to perform an essential duty and such failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 987–88 (1984)). Both must be proven by a preponderance of the evidence. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "To establish the first prong, the [claimant] must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Id.* For the second prong, "[p]rejudice exists where the claimant proves by 'a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Maxwell*, 743 N.W.2d 185, 196 (Iowa 2008) (quoting *Bowman*, 710 N.W.2d at 203). We find the record adequate to resolve Moore's claims. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("[I]f a defendant wishes to have an ineffective-assistance claim resolved on direct appeal, the defendant will be required to establish an adequate record to allow the appellate court to address the issue.").

### a. Jury Instruction Pertaining to the Defendant's Out-of-Court Statements

Moore first asserts his counsel was ineffective by failing to object to a jury instruction that Moore believes misstated the law and incorrectly instructed jurors to consider his out-of-court statements as if they were made at trial. The challenged instruction provides, "Evidence has been offered to show that the defendant made statements at an earlier time and place. If you find any of the statements were made, then you may consider them as part of the evidence, just as if they had been made at this trial." Moore argues,

> [T]he district court erred in instructing the jury that they could consider Moore's out of court statements "just as if they had been made at this trial." While the rules of evidence provide that statements of party opponents are admissible, the rule of evidence and the rationale underlying the hearsay exception provides no authority to require the jury to consider the statements as bearing the same weight as testimony received at trial, made under oath and under penalty of perjury. Instead the jury should have been free to assign whatever weight and reliability to the statements as it saw fit.

As the State points out, this issue has been addressed by our court in a number of unpublished opinions, and we have consistently held the failure to challenge this instruction does not amount to a breach of an essential duty.[1] This

---

[1] *See, e.g., State v. Garcia*, No. 17-0111, 2018 WL 3913668, at *4 (Iowa Ct. App. Aug. 15, 2018) (collecting cases where counsel was not ineffective by failing to object to an instruction that informed the jury it could consider a defendant's out-of-court statements "just as if they had been made at trial" and finding the instruction to be proper); *State v. Yenger*, No. 17-0592, 2018 WL 3060251, at *5 (Iowa Ct. App. June 20, 2018) ("Although the challenged instructional language does not appear in [Iowa Rule of Evidence] 5.801(d)(2), we believe it is a correct statement of the law."); *State v. Hayes*, No. 17-0563, 2018 WL 2722782, at *5 (Iowa Ct. App. June 6, 2018) (finding counsel was not ineffective and noting "[t]his court recently held [the] instruction correctly states the law and giving the instruction was not in error"); *State v. Payne*, No. 16-1672, 2018 WL 1182624, at *9 (Iowa Ct. App. Mar. 7, 2018) ("The instruction did not direct the jury to assign the statement any particular weight or unduly emphasize the matter, nor did it create an improper permissive inference or presumption."); *State v. Wynn*, No. 16-2150, 2018 WL 769272, at *2–3 (Iowa

instruction mirrors the Iowa State Bar Association Model Criminal Jury Instruction number 200.44, adopted September 2003. Therefore, we conclude counsel did not breach an essential duty in failing to object to this instruction.

### b. Jury Instruction on a "Reasonable Degree of Medical Certainty"

Next, Moore asserts his counsel was ineffective by failing to request or object to the omission of a jury instruction defining the phrase, "reasonable degree of medical certainty." At trial, both Julia Shelton, M.D., who operated on E.B., and Resmiye Oral, M.D., testified about E.B.'s injuries employing the reasonable-degree-of-medical-certainty standard. No instruction was presented to or requested for the jury to define this standard. However, the State argues "no court anywhere in the United States has required courts to instruct juries on the definition of 'reasonable degree of medical certainty,'" and notes Moore does not provide any authority to support such requirement.

District courts "shall instruct the jury as to the law applicable to all material issues in the case." Iowa R. Civ. P. 1.924. Moore does not cite any case law demonstrating the requirement for a defining instruction for this phrase. Since case law does not require a jury instruction on the definition of "reasonable degree of medical certainty," we find counsel's failure to request or object to the omission of a jury instruction defining this phrase does not amount to a breach of an essential duty.

---

Ct. App. Feb. 7, 2018) (concluding the instruction "makes no reference to a presumption or an inference"); *State v. Wineinger*, No. 16-1471, 2017 WL 6027727, at *3 (Iowa Ct. App. Nov. 22, 2017) (concluding the instruction was "a correct statement of law"); *State v. Tucker*, No. 13-1790, 2015 WL 405970, at *3 (Iowa Ct. App. Jan. 28, 2015) (stating "[t]he instruction is taken verbatim from a model instruction" and is not misleading).

Moreover, even if counsel had breached an essential duty, Moore must show prejudice resulted from the breach. Prejudice is established by showing "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Hopkins*, 576 N.W.2d 374, 378 (Iowa 1998) (quoting *Strickland*, 466 U.S. at 694). Moore asserts he was prejudiced because the State's case relied heavily on the doctors' opinions and without defining "reasonable degree of medical certainty," the jury was unable to determine the proper weight to give to the doctors' opinions. The State also asserts the plain meaning of "reasonable," "degree," "medical," and "certainty" can all be readily understood by "ordinary jurors," which should not compel further explanation. We agree. Moreover, Moore does not provide support for this assertion that a definition of the phrase is required to aid the jury. Therefore, we find Moore has failed to show there is a "reasonable probability" that the "proceeding would have been different" had a defining instruction been provided. *See id.*

## IV. Imposition of Jail Fees and Restitution

Finally, Moore claims the district court inappropriately imposed restitution in the form of jail fees and asserts the district court failed to assess Moore's ability to pay. The court ordered:

> JAIL FEE. The defendant is ordered to pay a fee established by the sheriff for room and board at the county jail, pursuant to Section 356.7, Code of Iowa. The jail fee shall apply to all days actually served, including those days where credit is given for time previously served. In the event the defendant fails to pay such fee, judgment is imposed against the defendant in favor of this county in an amount to be certified by the sheriff to the clerk of district court.

However, no plan of restitution, no certification by the sheriff, and no approval of fees had been filed at the time of sentencing. *See State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999) (concluding that "[i]f the sheriff fails to certify any room and board costs, the defendant will have no obligation to make restitution for room and board at the jail," and "the court is not required to give consideration to the defendant's ability to pay" when a plan of restitution was not complete). The State argues Moore's claim is premature and he has failed to exhaust his remedies under Iowa Code section 910.7. We agree.[2] "Iowa Code section 910.7 permits an offender who is dissatisfied with the amount of restitution required by the plan to petition the district court for a modification. Unless that remedy has been exhausted, we have no basis for reviewing the issue in this court." *Id.*; *see also* Iowa Code § 910.7(1); *Kaelin*, 362 N.W.2d at 528 ("We have recognized that a defendant may directly appeal a sentence requiring restitution, but a modification proceeding in district court is likely to be a simpler and more effective remedy in most cases."). We find Moore's relief would be better addressed by the modification methods provided in Iowa Code section 910.7.

---

[2] If a restitution plan of payment had been included in the sentencing order, then our court could have considered this issue on direct appeal. *See State v. Kurtz*, 878 N.W.2d 469, 472 (Iowa Ct. App. 2016) (stating a defendant may appeal a restitution order, including a district court's failure to determine his or her ability to pay when "the plan of restitution and the restitution plan of payment were part of the sentencing order").

## V. Conclusion

We find Moore has not established he received ineffective assistance of counsel and his restitution claims are better addressed under the remedies of Iowa Code section 910.7.

**AFFIRMED.**